UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CAUSE NO. 1:13-CR-00305 |
| | § | |
| ANTHONY JOSEPH, III (19) | § | |

## DEFENDANT'S MEMORANDUM IN AID OF SENTENCING

ANTHONY JOSEPH, III, defendant, files this Memorandum in Aid of Sentencing outlining the legal and factual reasons why a sentence below the Guidelines and below the maximum sentence allowed pursuant to the plea bargain in this case is warranted. In support thereof, he would show unto the court the following:

## PRIOR PROCEEDINGS

On July 2, 2015, Joseph has entered a plea of guilty to Count Six of the Second Superseding Indictment filed in this case on April 21, 2015. That count alleged Joseph and John Canty aided and abetted by one another did intentionally and knowingly possess with the intent to distribute mixtures and substances that contained detectable amounts of XLR-1 and UR-14, Schedule I Controlled Substances.

# THE PRESENTENCE INVESTIGATION REPORT

The PSR reflects a final total offense level of 31 and a criminal history category of III, for a guideline advisory punishment range of 135 to 168 months. PSR ¶ 144.

## *Objection One*

Objection ONE by Joseph to the PSR involves the calculation of drug quantity arrived at in the PSR as detailed in paragraph 91. That paragraph states, in part, that:

> …According to wire taps, law enforcement surveillance and Syed statements, Syed sold 2,500 packages of synthetic cannabinoids per month to Joseph for four months, March through June 2013 for a total of 10,000 packages. There were 10 grams per package for a total of 100,000 grams. One gram of synthetic cannabinoid converts to 167 grams of marijuana. Therefore, 100,000 grams of synthetic cannabinoids equates to 16,700 kilograms of marijuana attributable to Joseph in the computation of the guidelines.

The report makes no distinction regarding what amount was determined by law enforcement and what amount was determined by the statements made by Syed alone. Joseph notes that while this Court is not bound by the Federal Rules of Evidence at sentencing in considering whether a fact has been proven by a preponderance of the evidence, the drug quantity alleged in paragraph 91 should at least have a "sufficient indicia of reliability to support its probable accuracy." *See*, U.S.S.G. §6A1.3, comment. Joseph respectfully submits that the self-servicing statements of Syed alone do not meet that level of reliability.

*Objection Two*

Secondly, Joseph objects to the conversion calculation in paragraph 91, as well. Specifically, Joseph objects to the statement that 100,000 grams of synthetic marijuana is equal to 16,700 kilograms of marijuana pursuant to USSG §2D1.1. This calculation presumes a ratio of 167:1 when the actual ratio is 1:1.

Joseph was charged with, and pled guilty to, possession with intent to distribute synthetic cannabinoid, a Schedule I controlled substance. United States Sentencing Guidelines Section 2D1.1 provides that one gram of "Marihuana/Cannabis, granulated, powdered, etc." is equal to one gram of "marihuana." Synthetic marijuana is the "etc." described in that section.

In order to get the ratio provided in paragraph 91 (167:1), the substance would have to be organic or synthetic Tetrahydrocannabinol. Tetrahydrocannabinol is a prescription drug sold under the name Marinol which treats or prevents nausea and vomiting caused by cancer medicines, when other medicines do not work. It is also used to increase the appetite of people with acquired immunodeficiency syndrome (AIDS). Thus, Joseph was not charged and did not plead to possessing a substance with intent to distribute that included organic or synthetic Tetrahydrocannabinol. Joseph was prosecuted for, pled to, and is guilty only of possessing with intent to distribute synthetic marijuana (the "etc." contained within "Marihuana/Cannabis, granulated, powdered, etc."). Therefore, the correct ratio should be 1:1.

Using the correct 1:1 ratio, and still assuming 2,500 packages is the correct amount attributable to Joseph, then Joseph is personally responsible for only 25,000 grams, or 25 kilograms, of marijuana.

According to the Drug Quantity Table, USSG §2D1.1(c)(12) provides a base offense level of 16 for offenses that involve at least 20 KG but less than 40 KG of Marijuana.

A properly calculated offense level of 16 with a criminal history category of III equates to a properly calculated guideline punishment range of 27 to 33 months. Joseph respectfully submits that this is the applicable guideline range in this case should Joseph be responsible for all 2,500 packets described in paragraph 91.

*Objection Three*

The third objection to the PSR involves the exclusion of a decrease in the offense level and/or inclusion as a mitigating factor as justification for a variance in determining an appropriate sentence under 18 U.S.C. § 3553(a) that the sentence suggested in the Presentence Investigation Report under the Guidelines is greater than necessary to satisfy the purposes of sentencing, and as such it amounts to an act of needless cruelty given the nature of the crimes committed and the personal circumstances of Defendant in this particular case.

Post-*Booker*, a sentencing court must consider all of the goals and factors set out in 18 United States Code Section 3553(a), not just the guidelines and policy

statements in the Guidelines manual. See, *United States v. Booker*, 125 S.Ct. 738, 757, 764, 766-68 (2005). The Fifth Circuit has adopted this approach, as well. See, *United States v. Smith*, 417 F.3d 483, 492 (5th Cir. 2005); *United States v. Olis*, 429 F.3d 540, 544, 549 (5th Cir. 2005). The result of these cases is the requirement for the imposition of a "reasonable sentence," one which requires a district court to consider the advisory guidelines while not being bound by them. *Booker*, 125 S.Ct. at 767, *United States v. Olis*, 429 F.3d at 540.

*Section 3553(a) Factors as Applied to Joseph*

**A. § 3553(a)(1) Factor: The nature and circumstances of the offense and the nature and characteristics of the defendant.**

Joseph's role in this offense was minimal. As noted extensively throughout the PSR, he merely purchased the controlled substance in question for resale in his own tobacco business. As the buyer of the product from the more culpable co-defendants in this case, he did in a small manner aid and abet those co-defendants. However, Count Six alleges he aided and abetted Candy, a person who was merely Joseph's delivery driver for what was (other than that portion of his sales for synthetic marijuana) a legitimate and ongoing retail business operation.

Further, while Joseph's criminal history indicates a number of possession cases which were either dismissed or not prosecuted, this is due to the fact that Joseph initially believed he was selling a legal product; a product which he proved to the State authorities was legal under state law. As time progressed, the

Government successful made illegal that which had previously not been illegal, and Joseph's sale of XLR-11 and UR-14 was illegal by the time federal authorities observed his retailing of the products in question.

### B. § 3553(a)(3) Factor: The kinds of sentences available.

Even if this Court were to grant Joseph's objections, the guideline range is still within Zone D. As such, a prison sentence is the only sentence that this Court could then impose.

### C. § 3553(a)(4) Factor: The Advisory Guideline Range

As stated *supra*, the advisory guideline range as calculated in the PSR is 135 to 168 months, though there is a plea bargain calling for a maximum of 60 months. As Joseph points out, the properly calculated guideline range should be 27 to 33 months.

### D. § 3553(a)(5) Factor: Any Pertinent Policy Statement.

Joseph is not aware of any applicable to this case.

### E. § 3553(a)(6) Factor: Disparity in Sentencing.

As detailed *supra*, Joseph believes that a drug quantity calculation ratio of 167:1 in this case creates an incredible disparity in sentencing between Joseph and any other defendant sentenced for non-synthetic marijuana.

### F. § 3553(a) Factor: Restitution.

This factor is not applicable to the Court's consideration in this case.

*Summary of Section 3553(a) Factors*

Defendant urges the Court to find that the appropriate offense level is 16, and the appropriate criminal history category is III. Thus, a properly calculated guideline sentencing range in this case is anywhere from 27 to 33 months. A sentence in this case which is within that range is sufficient, but not greater than necessary, to satisfy the purposes of sentencing. As calculated by the Probation Department, the advisory guideline is too harsh; and too harsh a sentence does not promote respect for law, but rather the opposite.

## THE PROSPECT OF INCARCERATION

Joseph recognizes that this Court can sentence him to a substantial prison sentence. He has one request with regard to that eventuality. Joseph requests that the Court recommend to the Bureau of Prisons that Joseph be housed in the Central Texas area.

## CONCLUSION

As is reflected in the PSR, Anthony Joseph, III, was an excellent provider to his wife and children, and an employer operating several successful businesses. Joseph requests this Court to grant all three of his objections to the PSR and reduce the offense level accordingly.

Joseph respectfully requests that he be sentenced to 27 months in the custody of the Federal Bureau of Prisons.

Respectfully submitted,

/s/David Fernandez, Jr.
David Fernandez, Jr.
Texas Bar No. 06933700
1508 SW HK Dodgen Loop
PO Box 5120
Temple, TX 76503
Telephone: (254) 773-0671
Fax: 254/773-0673
Email: oscar_china@sbcglobal.net

## CERTIFICATE OF SERVICE

I hereby certify that on August 28, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the Assistant United States Attorney.

I further certify that on August 28, 2015, I sent a copy of the foregoing by email to U.S. Probation Officer Daniel Reyes at Daniel_Reyes@txwp.uscourts.gov.

/s/David Fernandez, Jr.
David Fernandez, Jr.